UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern [...] Texas
FILED
AUG 1 1 2003
Michael N. Milby,

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CRIMINAL NO. |
| ALAN WADE BERGER DEFENDANT | § § § | MAGISTRATE NO. H-03-712-M |

## CRIMINAL INDICTMENT

THE FEDERAL GRAND JURY CHARGES:

### INTRODUCTION

At all times material to this Indictment:

1. The term "minor" is defined, pursuant to Title 18, United States Code, Section 2256(1), as "any person under the age of eighteen years."

2. The term "sexually explicit conduct" is defined, pursuant to Title 18, United States Code, Section 2256(2), as any:

> "actual or simulated -
> (A) sexual intercourse, including genital [to] genital, oral [to] genital, anal [to] genital, or oral [to] anal, whether between persons of the same or opposite sex; [or]
> (B) bestiality; [or]
> (C) masturbation; [or]
> (D) sadistic or masochistic abuse; or
> (E) [the] lascivious exhibition of the genitals or pubic area of any person."

3. The term "computer" is defined, pursuant to Title 18, United States Code, Sections 2256(6) and 1030(e)(1), as any:

1

> "electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator or other similar device.

4. The term "child pornography", for purposes of this Indictment, is defined, pursuant to Title 18, United States Code, Section 2256(8)(A), and limited to any:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where -
>
> (A)  the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct."

5. The term "visual depiction" is defined, pursuant to Title 18, United States Code, Section 2256(5), as including, but is not limited to, any:

> "undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image."

## COUNT ONE

## POSSESSION OF CHILD PORNOGRAPHY

## INVOLVING THE SEXUAL EXPLOITATION OF MINORS

## 18 U.S.C. 2252A (a)(5)(B)

On or about July 14, 2003, within the Houston Division of the Southern District of Texas, the defendant,

**ALAN WADE BERGER**

did knowingly possess a personal computer or other materials, which contained multiple photographic movie images and one still

photographic image of child pornography, which had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, or which were produced using materials which have been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer; being more specifically that defendant possessed a Seagate HD 40.0 GB S/N 3HS21EVN computer hard drive, which contained more than ten (10) photographic movie images of child pornography, commonly known as mpeg files, and one still photographic image, which images included, but were not limited to, numerous prepubescent minor females under the approximate age of 16 years, with some as young as the approximate age of 5 to 12, engaged in a variety of sexually explicit conduct with adult men and other minors, including masochistic conduct or other acts of violence.

**All in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2256(8)(A).**

### COUNT TWO

### POSSESSION OF CHILD PORNOGRAPHY

### INVOLVING THE SEXUAL EXPLOITATION OF MINORS

### 18 U.S.C. 2252A (a)(5)(B)

On or about July 14, 2003, within the Houston Division of the Southern District of Texas, the defendant,

**ALAN WADE BERGER**

3

did knowingly possess a personal computer or other materials, which contained multiple photographic movie images and one still photographic image of child pornography, which had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, or which were produced using materials which have been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer; being more specifically that defendant possessed a Maxtor computer hard drive S/N K418NCLC, which contained three photographic movie images of child pornography, commonly known as mpeg files, and one photographic still image of child pornography, which images included, but were not limited to, numerous prepubescent minor females under the approximate age of 16 years, with some as young as the approximate age of 5 to 12, engaged in a variety of sexually explicit conduct with adult men and other minors, including masochistic conduct or other acts of violence.

**All in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2256(8)(A).**

## COUNT THREE

## POSSESSION OF CHILD PORNOGRAPHY

## INVOLVING THE SEXUAL EXPLOITATION OF MINORS

## 18 U.S.C. 2252A (a)(5)(B)

On or about July 14, 2003, within the Houston Division of the Southern District of Texas, the defendant,

### ALAN WADE BERGER

did knowingly possess a personal computer or other materials, which contained multiple photographic movie images of child pornography, which had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, or which were produced using materials which have been mailed, shipped, and transported in interstate and foreign commerce, by any means, including by computer; being more specifically that defendant possessed a computer disk, commonly referred to as a CD-ROM, marked #28, which contained two photographic movie images of child pornography, commonly known as mpeg files, which images included, but were not limited to, numerous prepubescent minor females under the approximate age of 16 years, with some as young as the approximate age of 5 to 12, engaged in a variety of sexually explicit conduct with adult men and other minors, including masochistic conduct or other acts of violence.

**All in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2256(8)(A).**

## COUNT FOUR

### TITLE 18, U.S.C., SECTION 2422(B)

### ENTICEMENT AND COERCION

On or about July 14, 2003, within the Houston Division of the Southern District of Texas, the defendant,

**ALAN WADE BERGER,**

did knowingly use the mail or any facility or means of interstate or foreign commerce, namely, the Internet, to persuade, induce, entice and coerce and to attempt to persuade, induce, entice and coerce an individual that has not attained the age of 18 years, to engage in sexual activity under such circumstances as would constitute a criminal offense by any person under Texas Penal Code Section 22.021 Aggravated Sexual Assault.

**All in violation of Title 18, United States Code, Section 2422 (b).**

Returned a True Bill:

_____
Grand Jury Foreperson

MICHAEL T. SHELBY
United States Attorney

By: _____
Martha A. Minnis
Assistant United States Attorney
(713) 567-9348